FILED
Apr 25, 2024
11:44 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| WILLIAM JONES,<br>      Employee, | )<br>) | Docket No.: 2022-08-0248 |
| v. | ) | |
| TRANSFORCE, INC.,<br>      Employer, | )<br>) | State File No.: 36038-2021 |
| And | ) | |
| ACE AMERICAN INSURANCE<br>COMPANY,<br>      Carrier. | )<br>)<br>) | Judge Shaterra R. Marion |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Transforce filed a Motion for Summary Judgment. The central issue is whether Mr. Jones can present sufficient evidence of a causal connection between his employment and his injury, which is an essential element of his claim. For the reasons below, the Court holds Mr. Jones did not present the necessary evidence and Transforce is entitled to summary judgment.

### Procedural History

Mr. Jones alleged he suffered a work-related injury to his back in January 2021. He filed a Petition for Benefit Determination seeking medical, temporary disability, and permanent disability benefits. At an expedited hearing, the Court denied Mr. Jones's request for benefits. Before the expedited hearing, Transforce filed this Motion for Summary Judgment. Mr. Jones filed no response aside from filing a police report and medical records.

### Facts

Transforce filed a statement of undisputed material facts under Tennessee Rules of Civil Procedure 56.03. Because Mr. Jones did not respond, none of the facts alleged in Transforce's statement was rebutted.

The unrebutted material facts are that Mr. Jones selected Dr. Riley Jones from a panel of physicians. Dr. Jones provided an affidavit saying that he could not state to a reasonable degree of medical certainty that Mr. Jones's diagnosis arose primarily out of and in the course and scope of his employment, considering all possible causes.

Based on these facts, Transforce contends the Court should grant summary judgment because it negated an essential element of Mr. Jones's claim. Specifically, it argues he does not have sufficient expert proof to establish a causal connection between his employment and his alleged injury.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

As the moving party, Transforce must either: (1) submit affirmative evidence that negates an essential element of Mr. Jones's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If Transforce meets this burden, Mr. Jones must then show that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, at 265. The essential element in this case comes from Tennessee Code Annotated section 50-6-102(12), which requires expert medical proof that the injury arose primarily out of and in the course and scope of employment, so that the employment contributed more than 50% in causing the injury.

Mr. Jones did not respond in writing to oppose Transforce's motion for summary judgment. He also did not follow the Rule 56 requirement of responding to the statement of undisputed material facts. Therefore, the facts are undisputed.

However, the analysis does not stop here, as the Court must determine whether under Rule 56.06 summary judgment is "appropriate." Considering the merits of Transforce's motion, it successfully demonstrated that Mr. Jones's evidence is insufficient to prove medical causation, an essential element of his claim. Dr. Jones said that he could not state Mr. Jones's injury arose primarily out of and in the course and scope of his employment.

During the hearing on the motion, Mr. Jones argues that his work accident definitely caused his back problem. The Court finds his belief sincere, but the law requires him to

"demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [his] favor[.]" *Rye,* at 265. Mr. Jones did not meet this burden, as he did not identify any facts.

Thus, no genuine issue of material fact exists as to the question of causation, and Transforce is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Transforce, Inc.'s Motion for Summary Judgment is granted, and Mr. Jones's claim is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to Transforce, Inc. under Tennessee Compilation Rules and Regulations 0800-02-21-.06, payable to the Clerk within five business days.

4. Transforce, Inc. shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED April 25, 2024.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on April 25, 2024.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| William Jones, Employee | X | X | 6764 Clarmore Drive Olive Branch, MS 38654 williamjones202322@gmail.com |
| Jennifer Thomas, Employer's Attorney | | X | jdthomas@mijs.com inhoward@mijs.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*